■ In the Matter of the Claim of BRUCE DAVIDSON, Respondent, v. PEARL RITZER, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by an uninsured alleged employer from a decision and award of the Workmen's Compensation Board finding that an employer-employee relationship existed between her and claimant on the day of his injury. In April, 1962 appellant engaged claimant, a high school student then 19 years of age, and his brother to perform painting work and other tasks in connection with readying for Summer use the buildings comprising her bungalow colony located at Loch Sheldrake in Sullivan County and agreed to pay them for their services at the rate of $1.50 per hour. The work was performed in the evening hours, on week ends and during the Easter school recess. A Federal withholding tax statement (Form W-2), furnished to claimant by appellant, indicated that the total wages paid to him for the work was the sum of $237.37. Appellant provided the materials and equipment required in its performance, selected the rooms to be painted and determined the number of coats to be applied and the colors to be used. On June 26, 1962 claimant, at the request of appellant, returned to the bungalow colony and under her direction undertook to free several windows which had become stuck following the application of the paint and in loosening one of them — which he testified either he or

his brother had previously painted — sustained an injury to his right hand. The purely factual issue as to claimant's status on June 26, 1962 was for the board's determination. (*Matter of Smith* v. *White,* 3 A D 2d 869; *Matter of Denman* v. *Many & Zanetti,* 8 A D 2d 576, affd. 8 N Y 2d 799; *Matter of Alpern* v. *Sunny Croft Colony,* 12 A D 2d 828.) Its finding that such was that of employment has rational basis and is supported by substantial evidence. The amount of $104.50 awarded to Doctor Grant for medical services rendered to claimant, the reasonableness of which is not contested, was proper as was the imposition of an additional assessment of 15% thereof mandated by subdivision 2 of section 26-a of the Workmen's Compensation Law. Any payment made on account thereof after the rendition of the Referee's decision simply constituted a partial acquittance of appellant's obligation under the award. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Staley, Jr., JJ., concur.